CELIA SOBEL, Respondent, *v.* ALEXANDER SOBEL, Appellant.

First Department, May 13, 1938.

*Matthew Lilling,* for the appellant.

*Benjamin Sharaga,* for the respondent.

CALLAHAN, J. This action was commenced on November 3, 1926, by the service of a summons and complaint asserting a cause of action for accrued alimony falling due under a " judgment and order " alleged to have been obtained in favor of plaintiff and against defendant in the State of New Jersey, after due personal service of process in that State.

The defendant served a notice of appearance in the present action, but failed to answer. Thereupon, on January 25, 1927, plaintiff had the clerk enter judgment under section 485 of the Civil Practice Act, without application to the court, or notice to the attorney who had appeared for defendant.

Section 485 of the Civil Practice Act provides that judgment may be taken without application to the court where the complaint sets forth a cause of action consisting of a breach of an express contract to pay a sum of money, or an express or implied contract to pay money received or disbursed, or the value of property delivered, or of services rendered to, by or for the use of the defendant or a third person.

This action, being one on a foreign judgment, is one on a contract implied in law. It is not, however, an action upon an implied contract within the limitations contained in section 485 of the Civil Practice Act. The judgment, therefore, was improperly entered by the clerk and should be vacated.

Appellant, however, presents no valid excuse for his default in pleading, or his laches in moving to open his default. In fact it appears that his default was willful. The motion in so far as it appealed to the discretion of the court to open defendant's default, was properly denied.

It now appears that plaintiff obtained an order of the New Jersey court awarding permanent alimony. (See *Sobel* v. *Sobel*, 99 N. J. Eq. 376; 132 A. 603.) We cannot determine on the present record that this order had the force and effect of a decree, and that it was so conclusive that the New Jersey court could not modify it as to accrued alimony. Plaintiff will be required to present to the court *prima facie* proof of these facts, if she desires to re-enter judgment. (*Sistare* v. *Sistare*, 218 U. S. 1; *Van Horn* v. *Van Horn*, 196 App. Div. 472.)

The order entered July 2, 1937, should be modified to the extent of granting the motion to vacate the judgment entered January 25, 1927, and, as so modified, affirmed, without costs.

The appeal from the order entered August 13, 1937, denying motion for reargument, should be dismissed.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur.

Order entered July 2, 1937, unanimously modified to the extent of granting the motion to vacate the judgment entered January 25, 1927, and as so modified affirmed, without costs. Appeal from order denying motion for a reargument dismissed.