Abraham N. (teller, J.
Defendant Louis Grladstein having failed to appear in this part to proceed to trial after the case was marked “Ready” in the Calendar Part and having likewise failed to appear after notification given to his counsel pursuant to the court’s direction by the Clerk of this part, an inquest on plaintiffs’ application was held by the court in this action on a Connecticut judgment.
Actually, it appears from subdivision (a) of section 3215 of the Civil Practice Law and Rules that under these circumstances application for a default judgment may be made directly to the Clerk. The present requirement is simply that plaintiff’s claim be for a sum certain or which can by computation be made certain, not restricted to actions upon the type of contracts express or implied set forth in section 485 of the Civil Practice Act. Thus, the former denial of the authority of the Clerk to enter a default judgment in an action on a foreign judgment (see Sobel v. Sobel, 254 App. Div. 203), no longer obtains.
In addition to the proof presented on the inquest, plaintiff has filed the affidavit as to the default, the facts constituting the claim, and the amount due, apparently required by subdivision (e) of section 3215 of the Civil Practice Law and Rules even on applications to the court for judgment by default. There seems to be no need or purpose in such an affidavit where proof is taken by the court, but it would appear to be required by a literal construction of the section.
The original plan of the Advisory Committee for certification of pleadings by the attorney was the basis for this requirement of an affidavit on all default judgments. In its notes under this provision it stated:ef The proposed rule requires the filing of an affidavit of the facts constituting the claim in all applications for default judgments, whether before court or clerk. Since complaints will generally not be verified under .the proposed rules (see rule 26.11), this requirement will lend assurance that the uncontested cause of action is a valid one and shift some of the responsibility from the attorney who certified the complaint directly to the client.”
*964 However, the final version eliminated certification and restored verification of pleadings. But no corresponding adjustment was made in this default provision. This requirement as to an affidavit should be reviewed in the light of the subsequent restoration of the former provisions relating to verification of pleadings.
Judgment herein is directed to be entered by the Clerk as against defendant Louis Gladstein for the sum of $8,906.50 with interest from June 19, 1953.